UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
AMNON SHIBOLETH and YERUSHALMI,           Case No.: 1:09-cv-1016(LBS)
SHIBOLETH, YISRAELI & ROBERTS, LLP,

                Plaintiffs

    -against-

JOSEPH YERUSHALMI, YERUSHALMI &
ASSOCIATES, LLP, ENTERPRISES, INC.
AND BARRY I. FREDERICKS,

                Defendants.
-----------------------------------------------------------X


**MEMORANDUM OF LAW IN OPPOSITION TO
MOTION FOR ENTRY OF AN ORDER TRANSFERRING VENUE OF
CASE TO THE UNITED STATES BANKRUPTCY COURT
<u>FOR THE EASTERN DISTRICT OF NEW YORK</u>**


                                The Law Offices of Avrum J. Rosen, PLLC
                                Attorneys for the Plaintiffs

BY:       <u>S/Avrum J. Rosen</u>
            Avrum J. Rosen
            38 New Street
            Huntington, New York 11743
            631-423-8527
            <u>ajrlaw@aol.com</u>

            Flemming, Zulack & Williamson, LLP
            Attorneys for the Plaintiffs

BY:       <u>S/Richard Williamson</u>
            Richard Williamson
            One Liberty Plaza, 35th Floor
            New York, New York 10006

**PRELIMINARY STATEMENT**

After filing a Notice of Removal of an action pending in the New York State Supreme Court to this Court, Defendants now move for an Order Transferring Venue of the Case to the United States Bankruptcy Court for the Eastern District of New York. It is respectfully requested that because determination of one motion necessarily includes determination of the other, that this Court consider Plaintiffs' motion pursuant to 28 U.S.C. § 1452 (b) for an Order remanding the case and pursuant to 28 U.S.C. § 1334 (c)(1) for an Order granting discretionary abstention together with the instant motion for change of venue.

**STATEMENT OF FACTS**

For a brief recitation of the facts, the Court is respectfully referred to the Affirmation of Avrum J. Rosen, Esq. in Opposition to Defendants Motion for an Order Transferring Venue of Case to the United States Bankruptcy Court for the Eastern District of New York.

**ARGUMENT**

**DEFENDANTS' CHANGE OF VENUE MOTION
SHOULD BE DENIED IN ITS ENTIRETY**

The basis for Defendants' motion to transfer venue to the Bankruptcy Court is that related litigation is pending between the parties in the Bankruptcy Court. While the parties to both the State Court litigation and the pending adversary proceeding in the Bankruptcy Court are similar, the two actions could not be more different. Clearly, the Defendants are blatantly forum shopping.

By Decision dated January 6, 2009, the Appellate Division, First Department remanded the action to the Special Referee to apportion the value of two of the legal fees collected after the partnership dissolved, together with recalculating interest based on the reapportionment, and

otherwise affirmed the State Court judgment.  The Special Referee is intimately familiar with the facts and circumstances surrounding the dissolution of the partnership.  This Special Referee conducted hearings over a two and one-half year period.  He has reviewed over 32 volumes of evidence and the Appellate Division, First Department has given him the task of reapportioning two of the legal fees collected after the partnership dissolved, which he can do without any learning curve.

Defendants attempt to concoct jurisdiction under 28 U.S.C. § 157(a) simply because a bankruptcy is pending.  The underlying State Court Action is non-core.  Plaintiffs seek equitable remand based on the fact that this case is not, contrary to the argument of Defendants, a core bankruptcy proceeding within the meaning of 28 U.S.C. § 157.  Core proceedings are actions by or against the Debtor that arise under the Bankruptcy Code and that the Code itself is the source of the claimant's right or remedy, rather than the procedural vehicle for the assertion of a right conferred by some other body of law, normally state law.  *See, Littlefield v. Orthodontinc Centers of Illinois, Inc.*, 2007 U.S.Dist. LEXIS 5712.

The underlying proceeding is an accounting action brought under the New York Partnership Law, and after more than ten (10)  years of proceedings in state court, has found its way into federal court through the fortuity of Defendants' bankruptcy filings.  The accounting action does not invoke a substantive right created by the federal bankruptcy law and is therefore non-core.  While the accounting action may be related to the bankruptcy because of its potential effect of being a claim against the estate, it is nonetheless a non-core proceeding that has been referred back to the Special Referee.  For all these reasons, the motion to change venue should be denied in its entirety and the case should be remanded back to the State Court.

Under 28 U.S.C. § 1412, "a district court may transfer a case or proceeding under title 11

to a district court for another district, in the interests of justice or for the convenience of the parties." In the instant matter, the only parties convenienced by a change of venue to the bankruptcy court is the Defendants-movants. Indeed under the factors cited by Defendants in their Memorandum of Law in Support under *Couri v. Fisher (In re JCC Capital Corp.)*, 147 B.R. 349, 357 (Bankr. S.D.N.Y. 1992), particularly factors two (2) and three (3), namely "(2) the state's interest in having local controversies decided within its borders, by those familiar with its law" and "(3) the relative ease of access to proof", there is no reason to change venue.

The State Court has been presiding over this action for over ten (10) years since 1998. It would be more efficient for the State Court to proceed hearing the matter. The claims at issue arose prior to the bankruptcy filings and involve non-core State Court issues. The reference back to the Special Referee will neither significantly hinder nor materially advance the efficient administration of the bankruptcy estate, it will simply aid in the determination of the amount of the potential claim of Plaintiffs.

The Debtor does not have any other jurisdictional basis, absent Section 1334 of the Judiciary Code. As is set forth above, the Debtor cannot concoct federal question jurisdiction by virtue of 28 U.S.C. § 157 or 1334 simply because a bankruptcy is pending. The issues before the State Court arose before the bankruptcy filing and are non-core. They do not arise under Title 11 or arise in or are related to cases under Title 11. The State Court action is one for an accounting. Any pending bankruptcy litigation for a determination that the underlying debt is itself non-dischargeable is separate and distinct from the matters specifically before the Special Referee to recalculate the legal fees.

This action is related to the main case only to the extent of determining the amount of a damage award. Liability has already been determined. Moreover, there is other litigation in the

main case for recovery of multiple fraudulent conveyances by the Debtor to family members and others and the hearings by the referee will not delay the administration of these cases.

The core bankruptcy matter at issue in the adversary proceeding has absolutely nothing to do with the amount of the Plaintiffs claim which is to be determined by the State Court.  Even if Plaintiffs claim was determined to be $1.00, Plaintiffs are a creditor in the bankruptcy cases and have standing to object to the Debtor's Chapter 7 discharge under 11 U.S.C. § 727 which is what they have done by virtue of the adversary proceeding.  Similarly, Plaintiffs have objected to the dischargeability of their claim under 11 U.S.C. § 523.  The Bankruptcy Court must determine whether or not the debt itself is non-dischargeable.  The Bankruptcy Court has already determined that it will only reach the dischargeability litigation if the Debtor prevails on the action to block his discharge.  This is entirely separate and distinct from the State Court's role in determining the amount of the claim itself.

Lastly, contrary to the Defendants' assertion that the automatic stay of section 362(a) of the Bankruptcy Code stays any remand, there is no automatic stay imposed by 11 U.S.C. § 362.  In the individual bankruptcy filing of Defendant Joseph Yerushalmi, the Chapter 11 case was converted to a case under Chapter 7 by Order dated October 2, 2007.  Under Fed. R. Bankr. P. 9027(a)(2)(A) Defendant would have had until January 2, 2008 to file their Notice of Removal.  In turn, by Order dated March 24, 2008, the Appeal was abandoned to the Debtor and the Estate of Joseph Yerushalmi had no further interest or rights in the Appeal.

By virtue of the March 24, 2008, Order, there was no automatic stay imposed by 11 U.S.C. § 362 and therefore under Fed. R. Bankr. P. 9027(a)(2)(B) calculating the longest of the deadlines to file a notice of removal, Defendant would have had until April 23, 2008 to file the Notice of Removal.  Under either calculation, the Notice of Removal is untimely and the case

must be remanded to the State Court and the motion to change venue must be denied..

If arguably, only the Appeal was abandoned back to the Defendant-Debtor by virtue of the respective Orders of Abandonment, and the underlying State Court Action remained property of the respective bankruptcy Estates, then only the Chapter 7 trustees have standing to remove the action.  Marc Pergament, Esq. the Chapter 7 trustee in the individual bankruptcy case was never served with the Notice of Removal and Defendants cannot cavelierly remove an action that is property of the Estate and is not theirs to remove nor can they now move to change venue.

## CONCLUSION

Based on the foregoing, it is respectfully requested that this Court enter an Order denying Defendants motion to change venue, or adjourn the motion to change venue to the return date of the Motion for an Order pursuant to 28 U.S.C. § 1452 (b) remanding the case and pursuant to 28 U.S.C. § 1334 (c)(1) granting discretionary abstention, thereby considering the two matters together, and for such other and further relief that this Court deems just and proper.

Dated:   February 23, 2009

                The Law Offices of Avrum J. Rosen, PLLC
                Attorneys for the Plaintiffs

BY:        S/Avrum J. Rosen
              Avrum J. Rosen
              38 New Street
              Huntington, New York 11743
              631-423-8527
              ajrlaw@aol.com

              Flemming, Zulack & Williamson, LLP
              Attorneys for the Plaintiffs

BY:        S/Richard Williamson
              Richard Williamson
              One Liberty Plaza, 35th Floor
              New York, New York 10006