UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMNON SHIBOLETH and YERUSHALMI,
SHIBOLETH, YISRAELI & ROBERTS, LLP,

                Plaintiffs,

        v.

JOSEPH YERUSHALMI, YERUSHALMI &
ASSOCIATES, LLP, ENTERPRISES, INC. and
BARRY I. FREDERICKS,

                Defendants.

**MEMORANDUM & ORDER**

No. 09 Civ. 1016 (LBS)

---

SAND, J.:

       This case poses the question of which forum is most appropriate for a state law action for a partnership accounting. The underlying claim commenced over ten years ago in New York State Supreme Court. In February 2009, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1452. Two motions are now before the Court: Plaintiffs' motion to remand the case to state court and Defendants' countermotion to transfer venue of the case to the United States Bankruptcy Court for the Eastern District of New York. For the reasons stated below, we grant Plaintiffs' motion to remand and deny Defendants' countermotion to transfer venue.

### I. Factual Background

       From 1987 to 1995, Plaintiff Amnon Shiboleth and Defendant Joseph Yerushalmi were partners of Plaintiff law firm Yerushalmi, Shiboleth, Yisraeli & Roberts ("YSYR").[1] In 1995, Shiboleth and Yerushalmi decided to discontinue practicing law together. Yerushalmi subsequently formed Defendant law firm Yerushalmi & Associates

---

[1] The following facts are drawn from the parties' submissions to this Court.

1

("Y&A").  At the time Shiboleth and Yerushalmi ended their law partnership, there were several firm matters for which large fees or disbursements were allegedly due to YSYR.  Plaintiffs allege that Yerushalmi and Y&A (collectively "Defendants") diverted fees and disbursements owed to YSYR, including contingency fees in a Delaware case and hourly-rate fees owed to YSYR for work performed for a group of companies ("the contested fees").

In January 1998, Shiboleth and YSYR (collectively "Plaintiffs") brought an action against Defendants in New York State Supreme Court.  Plaintiffs sought, among other relief, the judicial dissolution of YSYR, a partnership accounting for YSYR, and a permanent injunction barring Defendants from transferring YSYR partnership assets.  Defendants filed counterclaims, including a claim for a partnership accounting.  In March 2002, the State Supreme Court referred the accounting action to a Special Referee for disposition.  The Special Referee held hearings on the accounting issue over a period of two and a half years.  On November 28, 2006, the Referee issued a decision in favor of Plaintiffs in the amount of approximately $3.5 million.

Shortly after the Referee's November 2006 ruling, Defendants filed an appeal with the Appellate Division, First Department.  In July 2007, while the state court appeal was still pending, Defendants also filed a petition for relief pursuant to Chapter 11 of the Bankruptcy Code.  Upon motion of Plaintiffs, the Chapter 11 case was converted to a Chapter 7 proceeding in October 2007.  In March 2008, the bankruptcy court authorized the abandonment to the Debtor of the Yerushalmi Estate's interest in the appeal of the state court case.[2]  (Order Authorizing Trustee's Abandonment in Appeal, Ex. B to Mem.

---

[2] The parties contest whether the abandonment of the Estate's interest in the appeal lifted the automatic stay on state court proceedings that becomes effective upon the filing of the bankruptcy case.  Plaintiffs argue

2

Opp'n Mot. Transfer.)  Plaintiffs subsequently commenced an adversary proceeding in bankruptcy court for a determination, inter alia, that the state court's judgment was non-dischargeable because the Debtor had made fraudulent conveyances of assets to family members.  After a period of discovery, the parties consented to an adjournment of the briefing schedule for Plaintiffs' contemplated motion for summary judgment pending possible mediation.  (Tr. Oral Argument on Mar. 9, 2009, at 9; Ex. D to Rosen Affirmation Supp. Mot. Remand.)

Contemporaneous with the parties' agreement to adjourn the briefing deadlines in bankruptcy court, in January 2009 the Appellate Division issued an opinion affirming the state lower court decision in part and remanding the accounting of the contested fees to the Special Referee for recalculation based on the value of the work performed pre- and post-dissolution.  In February 2009, Defendants filed the Notice of Removal that brought the case to this Court.[3]

Plaintiffs now move to remand the case to state court under 28 U.S.C. § 1452(b) based on equitable considerations.  Defendants countermove for transfer of venue to the Bankruptcy Court for the Eastern District of New York under 28 U.S.C. § 157(b)(2)(B), arguing that the accounting action is a core proceeding that should be heard by the bankruptcy court.

**II.   Discussion**

28 U.S.C. § 1452 governs the removal and remand of claims related to bankruptcy

---

that because the stay was lifted by the March 2008 order of abandonment, Defendants' notice of removal was untimely under Fed. R. Bankr. P. 9027(a)(2).  Because we remand the case on equitable grounds, we do not reach this issue.

[3] This removal was allegedly made without any prior notice to Plaintiffs despite the fact that the parties had agreed to adjourn the briefing schedule in the bankruptcy court pending mediation.  (Rosen Affirmation Supp. Mot. Remand ¶¶ 17–18.)

actions.  Section 1452(a) allows removal to federal court of a civil action if the court has jurisdiction over the claim under 28 U.S.C. § 1334.  Section 1334(b) in turn provides federal district courts with original, though not exclusive, jurisdiction over cases "arising under title 11 or arising in or related to a case under title 11."  "Arising under" and "arising in" cases are termed core bankruptcy proceedings, while "related to" cases are termed non-core proceedings.  *In re MTBE Prods. Liability Litig.*, 341 F. Supp. 2d 386, 411 (S.D.N.Y. 2004).  Core proceedings encompass both claims predicated on a right created by title 11 and claims that have no existence outside bankruptcy.  In contrast, a proceeding is non-core if it "involve[s] the adjudication of state-created private rights, such as the right to recover contract damages," and the outcome of the proceeding could affect the estate being administered in bankruptcy.  *In re Emergency Beacon Corp.*, 52 B.R. 979, 986 (S.D.N.Y. 1985) (internal quotation and ellipses omitted); *see also Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 407 (S.D.N.Y. 1991).

Section 1452(b), which governs remand in bankruptcy proceedings, provides the following:  "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."  An "equitable" ground is one that is "fair and reasonable."  *In re Cathedral of the Incarnation in the Diocese of Long Island*, 99 F.3d 66, 69 (2d Cir. 1996).  Because non-core claims do not implicate the essence of federal bankruptcy power, district courts consider such classification of a claim in deciding whether to grant an equitable remand.  *See, e.g., Digital Satellite Lenders, LLC v. Ferchill*, No. 03 Civ. 8803, 2004 U.S. Dist. LEXIS 15736, at *15–*16 (S.D.N.Y. Aug. 6, 2004) ("Congress has made it plain that, in respect to noncore

proceedings . . . the federal courts should not rush to usurp the traditional precincts of the state court.").

Other factors to be considered in remanding a case include:  (1) whether issues of state law predominate; (2) whether judicial economy would be served by equitable remand; (3) whether § 1334(b) is the sole basis for exercising federal jurisdiction; (4) whether the proceeding involves non-debtors; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; and (6) the likelihood that the proceeding was commenced in a particular forum because of forum shopping on the part of one of the parties.  *Rahl v. Bande*, 316 B.R. 127, 135 (S.D.N.Y. 2004).

An analysis of the factors in this case weighs strongly in favor of remand on equitable grounds.  As an initial matter, the accounting action at issue here is a non-core proceeding.  Plaintiffs' claim for an accounting is based on New York Partnership Law and is not a right predicated on title 11.  *See* N.Y. P'ship Law § 44 (right to an accounting); *cf. In re Hedged-Invs. Assocs.*, 84 F.3d 1281, 1283–84 (10th Cir. 1996) (discussing bankruptcy court's adjudication of a state law partnership claim as a non-core proceeding); *Seven Springs, Inc. v. Abramson*, 148 B.R. 815, 817 (E.D. Va. 1992) (cross-claim based on state partnership law is a non-core proceeding).  The Appellate Division remanded the case so that the Special Referee, who had devoted so much time to this case, could apply a specific state law standard to the apportionment of the contested fees. This claim exists outside of bankruptcy and was initiated in state court years before the bankruptcy action.  *See Interconnect Tel. Servs., Inc. v. Farren*, 59 B.R. 397, 399 (S.D.N.Y. 1986) (non-core proceedings are claims that "in the absence of a petition in bankruptcy, could have been brought in a district court or state court"); *see also*

5

*Littlefield v. Orthodontic Ctrs. of Ill.*, No. 06-606-GPM, 2007 U.S. Dist. LEXIS 5712 (S.D. Ill. Jan. 26, 2007) (remanding case because breach of contract and fiduciary duty claims are non-core proceedings). Although the outcome of the determination will affect the amount that Plaintiffs may recover in the bankruptcy proceedings, the Special Referee's decision on the apportionment of fees does not interfere with the bankruptcy court's ability to adjudicate Plaintiffs' non-dischargeability claim.

Factors one, two, three, five, and six, as set forth above, also weigh strongly in favor of remand to the Special Referee.[4] As to the first factor, state law issues predominate because the accounting claim is based on state law and the Appellate Division's remand calls for a recalculation under the standard set forth in a state court decision applying New York partnership law.

Considering the second factor, judicial economy would undoubtedly be best served by remand as the Special Referee conducted the original hearings on the matter, which was an undertaking that spanned over two and a half years and involved a voluminous record and many witnesses. (*See* Decision and Order of Special Referee, Ex. 2 to Mot. Transfer Venue.) The Special Referee's familiarity with the case makes it significantly more efficient for him to hear the case on remand, rather than having parties make a renewed presentation to the bankruptcy judge of all of the evidence relating to the value of the work performed by the partners prior to and following dissolution of the partnership.

Defendants argue that because the original decision did not consider the valuation formula that the Appellate Division deemed controlling, the Referee "has no advantage

---

[4] The fourth factor favors retention of the case because non-debtors are not involved in the removed proceedings.

6

over the Bankruptcy Court in dealing with those issues." (Kushner Decl. Opp'n Mot. Remand ¶ 14.) We note that while the factual inquiry into the value of the contested fees pre- and post-dissolution may entail new factfinding, the previous hearings have established the groundwork for the inquiry. The Referee has knowledge, based on the testimony of the witnesses involved in tax preparation and accounting, of the work performed by the attorneys in the two contested matters. (Decision of Special Referee 13–23, 25, 47.) Furthermore, the Referee found that Defendant Yerushalmi, who also testified, "was not credible with regard to many significant areas of inquiry" including his claims that "he did not render legal services to anyone or any entity through YSYR" and that "the NSN case [one of the contested fees] has no value." (*Id.* at 55–56.) The Referee's familiarity with the case and his prior evaluation of witness credibility is certainly relevant to the evaluation of the apportionment of fees under the Appellate Division's order. It is also noteworthy that the Appellate Division, recognizing the value of the Referee's knowledge of this case, remanded the case specifically to the Special Referee instead of remanding the case generally to the Supreme Court.

The third factor also weighs in favor of remand as Defendants have not raised a basis for federal jurisdiction other than Section 1334(b). Moreover, the fifth factor favors remand because the accounting action and bankruptcy action are distinct. The Appellate Division did not disturb the Referee's extensive findings that Plaintiffs' witnesses were largely credible and that Defendants were liable. On remand, the Referee will determine only the amount of the claim due to Plaintiffs. The amount of Plaintiffs' eventual recovery is not related to the legal issues in the discharge action because the non-dischargeability of debt under 11 U.S.C. § 727 does not turn on the amount of the debt.

Thus, the state court proceeding would not interfere with or delay the bankruptcy court's adjudication of the distinct and separate issue of dischargeability based on Defendants' allegedly fraudulent conveyances.

In evaluating the sixth factor, the timing of Defendants' notice of removal raises significant concern that Defendants removed this action to federal court in an effort to avoid a second proceeding before the Special Referee, who ruled in favor of Plaintiffs in the original action. This litigation has spanned over a decade and at the time Defendants filed for bankruptcy relief in 2007, Defendants could have removed the state court case under the same theories that they now advance—that the accounting action is a core proceeding and that the removal serves the interests of convenience and efficiency. (*See* Kushner Decl. Opp'n Mot. Remand ¶ 9.) Instead, Defendants waited over a year to remove the accounting action to federal court, filing the notice of removal shortly after the Appellate Division's January 2009 order, which remanded the contested fees claims and affirmed the remainder of the Referee's decision in favor of Plaintiffs.

An analysis of the factors overwhelmingly weighs in favor of equitable remand. In light of these considerations, we deny Defendants' motion to transfer venue to the Eastern District and grant Plaintiffs' motion for remand so that the partnership accounting claim may be re-evaluated by the Special Referee per the Appellate Division's order.[5]

**SO ORDERED.**

Dated: March 25, 2009
New York, NY

_____
U.S.D.J.

---

[5] Defendants also requested that this Court permissively abstain from hearing the issue under 28 U.S.C. 1334(c)(1). We note that "Courts in this district have treated the discretionary abstention and equitable remand provisions as essentially identical," but do not reach the question of permissive abstention because of our decision to remand on equitable grounds. *In re MTBE Prods. Liab. Litig.*, 341 F. Supp. 2d at 412.

8